UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-176(1) (SRN)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | **PLEA AGREEMENT AND SENTENCING STIPULATIONS** |
| v. | |
| (1) MUNAH HARRIS YOUSSEF | |
| Defendant. | |

The United States of America and **MUNAH HARRIS YOUSSEF** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, state, or local agency.

1.  **Charges.** In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Count 1 of the Information, which charges the defendant with conspiracy to defraud the United States, in violation of Title 18, United States Code, Section 371. The defendant fully understands the nature and elements of the crimes charged and is pleading guilty because she is guilty as charged. In exchange for the defendant's guilty plea, the government will not seek additional charges against the defendant based on information known to the government as of the time of this agreement.

2.  **Factual Basis.** By pleading guilty, the defendant admits the following facts and that those facts establish her guilt beyond a reasonable doubt:

1



In March 2018, defendant was federally enjoined from engaging in federal tax-preparation services. Despite this injunction, beginning in or about January 2019, defendant entered an agreement with co-conspirator A to defraud the United States by aiding and assisting in the preparation of false tax returns. Defendant and co-conspirator A created the business Pro Tax Services to facilitate this conspiracy.

Between January 28, 2019, and April 21, 2019, the co-conspirators used Pro Tax Services to prepare hundreds of fraudulent tax returns using knowingly false information to fraudulently obtain tax refunds to which clients were not entitled. Specifically, the co-conspirators regularly prepared and filed income tax returns that included knowingly bogus Schedule C information indicating that clients had significant business expenses with little or no business income. The co-conspirators knew this information was false and fraudulent, as they created the information and knew that many clients did not even operate a qualifying business. The co-conspirators did this to falsely inflate their clients' tax refunds, which garnered business, enabled charging higher fees for tax-preparation services, and allowed the occasional diversion of a portion of their clients' inflated refunds for the benefit of the co-conspirators. Both the defendant and co-conspirator A took overt acts to facilitate the conspiracy by aiding and assisting one another in the preparation of these false tax returns:

| Preparer | Approximate Date | Taxpayer | False Item(s) Claimed | Amount of Fraudulent Refund |
|---|---|---|---|---|
| Co-Conspirator A | February 11, 2019 | D.C. | Landscaping Expenses and Income (Schedule C; Lines 7, 28) $0 Income; $25,784 Expenses | $4,520 |
| Harris | February 12, 2019 | W.D. | Landscaping Expenses and Income (Schedule C; Lines 7, 28) $0 Income; $33,467 Expenses | $5,477 |
| Harris & Co-conspirator A | February 23, 2019 | D.R. | Barber Expenses and Income (Schedule C; Lines 7, 28) $0 Income; $8,593 Expenses | $982 |

In total, the conspiracy consisted of 142 fraudulent tax returns, which resulted in a tax loss to the government of $411,324. The co-conspirators netted $58,905 in tax-preparation fees, of which defendant received approximately $31,505.

3.  **Waiver of Indictment**. The defendant agrees to waive indictment by grand jury on this charge and consents to the filing of a criminal information. The

3

defendant further agrees to execute a written waiver of her right to be indicted on this offense.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based on the concessions of the government within this plea agreement, the defendant knowingly, willingly, and voluntarily waives her right to file and litigate additional pre-trial motions.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Statutory Penalties**. The defendant understands that Count 1 of the Information (Conspiracy to Defraud the United States, in violation of Title 18, United States Code, Section 371) carries the following maximum statutory penalties:

  a. a maximum imprisonment term of 5 years;

  b. a maximum supervised release term of 3 years;

  c. a maximum fine of $250,000 or twice the gross gain or loss from the offense;

  d. a mandatory special assessment of $100;

  e. payment of mandatory restitution; and

  f. an assessment to the defendant for the costs of prosecution.

7. **Revocation of Supervised Release**. The defendant understands that, upon release, she will be subject to conditions of supervised release. The defendant understands that if she violates any condition of supervised release, she could be sentenced to an additional term of imprisonment up to the length of the original term of supervised release, subject to the statutory maximum set forth in 18 U.S.C. § 3583.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. The parties also acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

  a. <u>Base Offense Level</u>. The parties agree that the base offense level is **20** because the tax loss corresponding to Count 1 is more than $250,000 but less than $550,000, and because the defendant was in the business of preparing tax returns. U.S.S.G. §§ 2T1.9(a)(1); 2T4.1.

b.     <u>Specific Offense Characteristics</u>. The parties agree that no specific offense characteristics apply.

c.     <u>Chapter 3 Adjustments</u>. Apart from acceptance of responsibility, the parties agree that no Chapter 3 adjustments apply.

d.     <u>Acceptance of Responsibility</u>. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of her intention to plead guilty. U.S.S.G. § 3E1.1(b).

e.     <u>Criminal History Category</u>. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I.** U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

f.     <u>Guidelines Range</u>. If the adjusted offense level is **17 (20-3)**, and the criminal history category is I, the Guidelines range is **24-30 months of imprisonment.**

  g. **Fine Range**. If the adjusted offense level is 17, the Guidelines fine range is $10,000 to $95,000. U.S.S.G. § 5E1.2(c)(3).

  h. **Supervised Release**. The Sentencing Guidelines recommend a supervised release term of one to three years. U.S.S.G. § 5D1.2(a)(3).

  i. **Sentencing Recommendation and Departures**. The government agrees to advocate for a sentence within the applicable Guidelines range. The defendant reserves the right to advocate for a sentence outside the applicable Guidelines range.

9. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10. **Special Assessment**. The Guidelines require payment of a special assessment of $100, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

11. **Criminal Fine**. The parties agree that a fine is not appropriate given the defendant's restitution obligations.

12. **Restitution.** The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies to her offense and that the Court is required to order that she pay restitution to the victim of her crime. The parties agree that the Court should enter a restitution order for the benefit of the Internal Revenue Service in the amount of $411,324, which accounts for the falsely inflated tax refunds that resulted from defendant's involvement in the conspiracy. The IRS will account for any funds already recovered and the co-conspirators will be jointly and severally liable for the payment of this restitution.

13. **Waivers of Appeal and Collateral Attack.** The defendant understands that 18 U.S.C. § 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this right, the defendant hereby waives all defenses and her right to appeal any non-jurisdictional issues, including, but not limited to the constitutionality of the statutes to which she is pleading guilty, whether her admitted conduct falls within the scope of those statutes, and the amount of restitution. The parties agree, however, that excluded from this waiver is the defendant's right to appeal a term of imprisonment that exceeds the applicable Guidelines range. In addition, the defendant has been advised of her right to file a petition under 28 U.S.C. § 2255, and expressly waives the right to file such a petition, except for reserving the right to raise a claim of ineffective assistance of counsel in such a petition. The defendant understands the rights being waived, and she waives these rights knowingly, willingly, and voluntarily. In exchange, the United States waives its right to appeal the sentence imposed.

14. **FOIA Requests**. The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

15. **Complete Agreement**. This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant. Other than this plea agreement, the defendant acknowledges that no threats, promises, or representations have caused the defendant to plead guilty. The defendant acknowledges that she has read this plea agreement and carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts each term and condition of this plea agreement.

CHARLES J. KOVATS, JR.
Acting United States Attorney

Date: 11/18/2021

BY: JORDAN L. SING
Assistant United States Attorneys

Date: 11/18/2021

MUNAH HARRIS YOUSSEF
Defendant

Date: 11/18/2021

KEALA EDE
Counsel for Munah Harris Youssef

9